MKH/EZS SDG.22317

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MISTY WALKER,<br><br>                Plaintiff,<br>v.<br><br>ROSS DRESS FOR LESS INC., d/b/a DD'S DISCOUNTS, a Foreign Corporation,<br><br>                Defendant. | |

**NOTICE OF REMOVAL**

      Defendant, ROSS DRESS FOR LESS INC. ("ROSS"), by its attorneys, Mathew K. Hargrave and Eman Z. Senteno of BEST, VANDERLAAN & HARRINGTON, hereby provides notice pursuant to 28 U.S.C. §§ 1441, and 1332, of its removal of Case No. 2022 L 008038 from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, and as grounds for removal, states as follows:

**Statement of the Case**

      1.      On September 7, 2022, the Plaintiff, MISTY WALKER, filed a Complaint at Law in the Circuit Court of Cook County, styled *MISTY WALKER vs. ROSS DRESS FOR LESS INC., d/b/a DD'S DISCOUNTS, a Foreign Corporation,* Case No. 2022 L 008038, pending in the Circuit Court of Cook County. A copy of the Complaint is attached hereto as *Exhibit A*.

      2.      Plaintiff's Complaint seeks recovery related to personal injury and damages allegedly sustained on January 31, 2021, while shopping at a DD'S DISCOUNTS store located at or about 1709 East 95th Street, in the City of Chicago, County of Cook, and State of Illinois. (See *id*.). Plaintiff alleges that she was a customer purchasing items in the checkout area of the aforementioned store when an unsecured Plexiglass barrier fell on her causing the Plaintiff to

expend money for medical care and service, incur pain and suffering, and suffer loss of normal life. (See *id*.).

3. ROSS denies all material allegations of Plaintiff's Complaint.

**Removal Based on Diversity of Citizenship Under 28 U.S.C. § 1332(a)**

4. This Court has jurisdiction over this matter under 28 U.S.C § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000, exclusive of interest and costs, is in controversy.

5. Plaintiff is a citizen of the State of Illinois based on information contained in her medical records submitted to Defendant.

6. Defendant ROSS is a corporation duly created and organized by and under the laws of the State of Virginia with its principal place of business in Virginia and is not a corporation created or organized under the laws of the State of Illinois, nor does it have its principal place of business in the State of Illinois. Defendant ROSS is a citizen of the State of Virginia.

7. Accordingly, there is complete diversity between Plaintiff and Defendant in this action.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the subject incident and, thus, a substantial part of the events giving rise to the claim occurred in Chicago, Cook County, Illinois. See also 28 U.S. Code § 93(a)(1).

9. The United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district and division embracing the Circuit Court of Cook County, Illinois, where this action was originally filed, as well as where the alleged incident occurred. 28 U.S. Code § 93(a)(1).

10. Further, the amount in controversy is believed to be more than $75,000.00, exclusive of interest and costs.

11. In her Complaint Plaintiff states "I am filing an action for personal injuries with the belief that the total money damages of this claim as it presently stands will exceed the sum of $50,000.00". *Id.*

12. Pursuant to 27 U.S.C. 1446 (c)(2), the sum demanded in the civil action is not reflective of the amount in controversy, but instead, under 27 U.S.C. 1446 (c)(2)(A)(ii), the notice of removal may assert the amount in controversy.

13. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.,* 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427-28 (7th Cir. 1997).

14. In that regard and in support thereof, counsel for Plaintiff tendered documents with respect to the subject claim, setting forth claimed medical specials incurred by Plaintiff of at least $20,211. Counsel for Defendant made calls and sent an email to Plaintiff's attorney requesting confirmation that the amount in controversy exceeded $75,000 but Plaintiff's attorney did not respond. See email correspondence to Plaintiff's counsel attached hereto as *Exhibit B*.

15. Based on information obtained to date, Plaintiff appears to be claiming following injuries to her head, neck, and back. Plaintiff's Complaint also states she "…sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to her usual duties and affairs, and has lost, and will in the future lose, the value of that time." *Exhibit A*.

16. As such, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C § 1332(a) and removal is proper under 28 U.S.C § 1332(c)(2)(A)(ii).

17. Service was purported to have been effectuated on ROSS through its registered agent (i.e., Corporation Service Company) on September 21, 2022. The Affidavit of service is attached hereto as *Exhibit C*.

18. ROSS is filing this Notice of Removal on October 21, 2022, thirty (30) days after it was served with a copy of the Plaintiff's Complaint, therefore removal is timely. (See 28 U.S.C. § 1446(b)(1)).

19. For the foregoing reasons, the District Court for the United States, Northern, Illinois, Eastern Division, has original jurisdiction over this civil lawsuit, and removal is timely and appropriate, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. (See 28 U.S.C. § 1332(a); § 1441).

20. Upon receiving a file-marked copy of this Notice of Removal, ROSS will serve a file-marked copy of this Notice of Removal upon counsel for Plaintiff and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendant, ROSS DRESS FOR LESS INC., respectfully removes this case to the United States District Court for the Northern District of Illinois, and hereby requests that the filing of this notice of removal shall effect the removal of this civil action to this Court.

Respectfully submitted,

**ROSS DRESS FOR LESS INC.**

By: /s/Allie Burnet
_____
One of its attorneys

Allie Burnet #6277204
Mathew K. Hargrave #6289674
Eman Z. Senteno #6313966
**Best, Vanderlaan & Harrington**
25 E. Washington St., Suite 800
Chicago, IL 60602
(312) 819-1100
Firm No. 37240

## CERTIFICATE OF SERVICE

I, the undersigned, state that I caused copies of the foregoing to be served, with enclosures referred to thereon, if any, by **Email** to the attorney of record at the address of record from 25 E. Washington St., Suite 800, Chicago, IL on October 21, 2022.

/s/ Allie Burnet
_____

Re:    Walker v. Ross Dress for Less Inc., d/b/a DD's Discounts
       Court No.:    2022 L 008038
       BVH File:    SDG.22317

## **ATTORNEY SERVICE LIST**

George Argionis
Argionis & Associates, LLC
gga@argionislaw.com
180 North LaSallet St., Suite 1925
Chicago, IL 60601
(312) 782-4545
Attorney for Plaintiff
Misty Walker

Alfred Koritsaris
Argionis & Associates, LLC
ak@argionislaw.com
180 North LaSalle St., Suite 1925
Chicago, IL 60601
(312) 782-4545
Attorney for Plaintiff
Misty Walker